**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DEMETRICE O. JENKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE CRONIC, individually and | : | |
| in his formed official capacity as | : | |
| Hall County Sheriff; HALL | : | |
| COUNTY SHERIFF'S OFFICE; | : | |
| GERALD COUCH individually | : | |
| and in his official capacity as Hall | : | CIVIL ACTION NO. |
| County Sheriff; DUSTIN | : | 2:14-CV-00072-RWS |
| CHARLTON, individually and in | : | |
| his former official capacity as a | : | |
| Hall County Sheriff's Deputy; | : | |
| MARK BANDY, individually and | : | |
| in his official capacity as a Hall | : | |
| County Captain; and all unnamed | : | |
| current and/or former employees of | : | |
| the Hall County Sheriff's Office | : | |
| involved in the incidents made | : | |
| subject of this suit, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants Steve Cronic, the Hall

County Sheriff's Office, Gerald Couch, and Mark Bandy's Motion to Dismiss

Plaintiff's Complaint [11]; Plaintiff's Motion for Leave to Amend Complaint

AO 72A
(Rev.8/82)

and Brief in Support Thereof [14]; and Plaintiff's Motion for Second Leave to Amend Complaint and Brief in Support Thereof  ("Second Motion for Leave to Amend") [31].  After reviewing the record, the Court enters the following Order.

## Background[1]

Plaintiff Demetrice O. Jenkins brings this action under 42 U.S.C. § 1983 challenging his treatment at the Hall County jail.  Before the events giving rise to this suit, Plaintiff was detained in the Forsyth County Jail.  (2d Am. Compl., Dkt. [16] ¶16.)  On or about December 29, 2011, Plaintiff was transported to the Hall County Jail as part of an arrangement between the counties wherein the Hall County Jail housed detainees that the Forsyth County Jail could not accommodate.  (Id. ¶ ¶16-18.)  Plaintiff alleges that he endured frequent verbal and physical abuse during his detention in the Hall County Jail.  (Id. ¶19.)

Plaintiff alleges that this abuse escalated on September 8, 2012 when he sought a second tray of food and as a result Hall County Sheriff's Office Officer ("Officer") William Cochran ("Officer Cochran") ordered Plaintiff to

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the complaint.  Cooper v. Pate, 378 U.S. 546, 546 (1964).

return to his cell.  (Id. ¶20.)  As the incident escalated, Officer Cochran ordered

Plaintiff to place his hands behind his back to be handcuffed. (Id.)  Officer

Cochran and Officer James Waldrup ("Officer Waldrup") called for assistance

over the radio.  (Id.)  Then-Hall County Sheriff's Deputy Defendant Dustin

Charlton ("Defendant Charlton") and Officer Brandon Burnett ("Officer

Burnett")  responded to the call.  Defendant Charlton used his knee to strike

Plaintiff in the thigh, grabbed Plaintiff's collar, and forced Plaintiff to the

ground.  (Id.)  Plaintiff was then handcuffed and was removed to the recreation

yard by Officers Cochran, Waldrup, and Burnett.  (Id. ¶¶20-21.)

　　Plaintiff faced a wall in the recreation yard, surrounded by Officers

Cochran, Waldrup, and Burnett. (Id.)   Plaintiff continued to question why he

was handcuffed and why he had been struck by Defendant Charlton; Plaintiff

alleges that he "passively resist[ed]" the officers.  (Id. ¶22.)  Three members of

the Hall County Jail Special Emergency Response Team, Officers Chris Young,

Tyrone Meads, and Sammy Feaster arrived at the recreation yard in response to

the call for assistance but did not act to further restrain Plaintiff.  (Id.)

　　Defendant Charlton arrived at the recreation yard and, Plaintiff alleges,

became enraged by Plaintiff's questioning of his treatment.  (Id. ¶23.)

3

Defendant Charlton then leapt over the six Officers surrounding Plaintiff to physically and verbally assault Plaintiff.  (Id.)  Plaintiff alleges that Defendant Charlton struck his head and body, grasped his face and neck, and shouted "profanities, racial epithets, and derogatory terms."  (Id.)  Plaintiff alleges that no by-standing Officers intervened to stop Defendant Charlton until Hall County Sheriff's Office Sergeant Matthew Jones ("Sergeant Jones") arrived at the recreation yard and ordered Defendant Charlton to stop his attack on Plaintiff.  (Id. ¶¶23-24.)  When Defendant Charlton did not comply with his verbal order, Sergeant Jones attempted to physically pull Defendant Charlton off Plaintiff; Defendant Charlton first resisted, but Sergeant Jones eventually ended the attack.  (Id. ¶24.)  Plaintiff alleges that he was placed in solitary confinement following this attack.  (Id. ¶25.)

Plaintiff further alleges that he "suffered severe physical injuries," including cuts and abrasions, swelling, and possibly broken bones or sprains. (Id.)  Plaintiff alleges that he repeatedly complained of pain and requested to see a doctor, but that he was not examined until September 12, 2012.  (Id.) Plaintiff claims that the injuries suffered on September 8, 2012 continue to

4

afflict him, compounded by emotional and psychological distress as a result of this incident.  (Id.)

Plaintiff alleges that Defendant Charlton's assault on September 8, 2012 was but one in a series of similar incidents known to Defendant Cronic and Defendant Hall County Sheriff's Office.  (Id. ¶29.)  Plaintiff claims that these incidents occur because of a custom and policy within the jail that permits and encourages abuse, harassment, mistreatment, and assault of inmates.  (Id. ¶31.) Plaintiff alleges that Defendant Charlton was eventually terminated from his position within the Hall County Sheriff's Office as a result of the September 8, 2012 incident.  (Id. ¶27.)  Additionally, Defendant Charlton was indicted for battery and violating his oath of office.  (Id.)

Plaintiff filed suit on April 14, 2014.  (Compl., Dkt. [1].)  Plaintiff raises the following Constitutional claims[2]: infringement of his right to free speech protected by the First Amendment (Count I), cruel and unusual punishment in violation of the Eighth Amendment (Count II), and use of excessive force and violation of the Equal Protection Clause of the Fourteenth Amendment (Count

_____

[2]  The Court refers to the counts enumerated in the Second Amended Complaint.  See discussion *infra*, Part I.B, granting Second Motion to Amend.

III).  Plaintiff alleges that all Defendants named in the Complaint were acting under color of state law, and he accordingly seeks damages pursuant to 42 U.S.C. § 1983 (Count IV) and attorneys' fees pursuant to 42 U.S.C. § 1988 (Count V).  Additionally, Plaintiff brings claims for assault and battery under O.C.G.A. § 51-1-14 (Count VI), claims under Title 42, Ch. 4 of the Official Code of Georgia (Count VII), and claims for negligent hiring, retention, and/or training (Count VIII).  Finally, Plaintiff brings claims for intentional infliction of emotional distress (Count IX) and negligent infliction of emotional distress (Count X).

Defendants moved to dismiss the Complaint.  (Dkt. [11].)  Plaintiff has moved twice to amend his Complaint.  (Dkt. [14], [31].)  The Court now addresses each motion in turn.

### Discussion

As an initial matter, the Court concludes that the Hall County Sheriff's Office is not an entity capable of being sued.  In a federal court, the capacity of an entity to be sued is determined by the law of the state where the court is located.  See FED. R. CIV. P. 17(b)(3).  The State of Georgia recognizes only three classes as legal entities capable of suing or being sued: (1) natural

6

persons; (2) corporations; and (3) quasi-artificial persons that the law recognizes as being capable of bringing suit.  Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988).  The Eleventh Circuit has indicated that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under Georgia law and therefore may not be properly sued as a party in federal court.  Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)); see also Lovelace v. DeKalb Cent. Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (affirming district court's dismissal of DeKalb County Police Department as a defendant because under Georgia law it is not a legal entity subject to suit); Jackson v. Hall Cnty. Sheriff's Office, No. 2:10-cv-00070-WCO (N.D. Ga. Mar. 3, 2011) (order dismissing all claims against the Hall County Sheriff's Office on grounds that it is not an entity having capacity to be sued).

The rationale behind these decisions is that although a county is designated under Georgia law as "a body corporate" that is properly subject to suit, there is no provision in the Georgia Constitution or the Georgia code that designates a sheriff's office as a legal entity.  Id. at 4 (citing Lowndes Cnty. v.

7

<u>Dasher</u>, 191 S.E.2d 82, 84 (Ga. 1972)).  The sheriff is a constitutionally created office elected by the voters.  GA. CONST. art. 9, § 1, ¶ III(a).  Thus, a sheriff's office is neither a corporation nor an entity recognized by law as having capacity to sue or be sued.  Pursuant to Rule 17, it therefore does not have the capacity to be sued in federal court.  For this reason, all claims against the Hall County Sheriff's Office must be **DISMISSED**.

## I.     <u>Plaintiff's Second Motion for Leave to Amend [31]</u>

The Court now considers Plaintiff's most recent motion for leave to amend his Complaint [31].  Defendants responded in opposition to Plaintiff's motion, arguing that amendment would be futile  [32].  The Court considers each party's arguments, in turn.

### A.     <u>Legal Standard</u>

The Federal Rules of Civil Procedure provide that leave to amend a pleading should be given "freely" "when justice so requires."  FED. R. CIV. P. 15(a)(2).  In deciding whether to give a party leave to amend, the Court should consider factors such as whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

8

virtue of allowance of the amendment, [and] futility of the amendment . . . ."
Foman v. Davis, 371 U.S. 178, 182 (1962).  The decision of whether to give
leave to amend is within the discretion of the trial court.  Saewitz v. Lexington
Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005).  Bearing these principles in
mind, the Court considers Plaintiff's proposed Second Amended Complaint.

     B.     Analysis

     In this case, the Court finds the Foman factors to weigh in favor of
permitting Plaintiff to amend his Complaint.  First, the Court does not find such
undue delay as to preclude Plaintiff from the opportunity to amend his
Complaint.  Plaintiff first moved to amend his Complaint one week after
Defendants filed their motion to dismiss.  (Pl.'s Mot. for Leave to Am. Compl.,
Dkt. [14].)  Plaintiff has moved a second time to amend after receiving
documents from the Georgia Bureau of Investigation that detail the incident at
the core of this litigation.  (Pl.'s 2d Mot. to Am., Dkt. [31] at 3.)  What is more,
the litigation is in its earliest stages; discovery has not yet opened.  Nor is there
any evidence of bad faith or dilatory motive.  Moreover,  Defendants will not be
prejudiced by allowing Plaintiff to amend his Complaint to more specifically
allege the facts giving rise to his claims.

9

Finally, the proposed Amendment does not appear to be futile. Defendants argue that the Second Amended Complaint suffers from the same defects as the Complaint, namely that it is an impermissible shotgun pleading and fails to allege facts sufficient to impose liability on Defendants. The Court disagrees. In his proposed Second Amended Complaint, Plaintiff has sufficiently identified the Defendants associated with the various acts for which he seeks to recover such that the Amendment would not be futile. Based on the foregoing, the Court **GRANTS** Plaintiff's Second Motion to Amend the Complaint [31].[3]

## II.   Plaintiff's Motion for Leave to Amend [14]

In light of the Court's granting Plaintiff's Second Motion for Leave to Amend [31], the Court **DENIES as moot** Plaintiff's Motion for Leave to Amend Complaint and Brief in Support Thereof [14].

## III.   Defendants' Motion to Dismiss [11]

In light of the Court's granting Plaintiff's Second Motion for Leave to

---

[3] Finding that additional briefing on Defendants' arguments advanced on immunity and other substantive grounds may be helpful, the Court does not reach a conclusion regarding any of those alleged defenses. Thus, this ruling is without prejudice to Defendants' right to raise those arguments again in their response to the Second Amended Complaint.

10

Amend [31], the Court **DENIES as moot** Defendants Steve Cronic, the Hall County Sheriff's Office, Gerald Couch, and Mark Bandy's Motion to Dismiss Plaintiff's Complaint [11].  Defendants may respond to Plaintiff's Second Amended Complaint [31-1] within fourteen (14) days of service of this Order.

### Conclusion

For the foregoing reasons, Defendant Hall County Sheriff's Office is **DISMISSED**.  Plaintiff's Motion for Second Leave to Amend Complaint [31] is hereby **GRANTED**.  Plaintiff's Motion for Leave to Amend Complaint [14] is hereby **DENIED as moot**.  Defendants Steve Cronic, the Hall County Sheriff's Office, Gerald Couch, and Mark Bandy's Motion to Dismiss Plaintiff's Complaint [11] is hereby **DENIED as moot**.

Defendants are **DIRECTED** to file any responsive pleadings to Plaintiff's Second Amended Complaint [31-1] within fourteen (14) days of service of this Order.

**SO ORDERED**, this   9th   day of February, 2015.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

11

12